UNITED STATE DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JESSIE BARBOSA, ET AL.<br><br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>MASSACHUSETTS STATE POLICE,<br>　　　　　Defendant. | C.A. No.:　1:22-CV-12013 |

## DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Massachusetts Department of State Police ("Department") hereby responds to the Complaint of Plaintiffs in the above-captioned matter as follows:

### NATURE OF ACTION

The paragraph titled Nature of Action is an introductory paragraph characterizing the action and/or contains legal conclusions to which no response is required. To the extent a response is required, the Department denies the allegations contained in the introductory paragraph of the Complaint.

### JURISDICTION AND VENUE

1. The Department states that Paragraph 1 sets forth legal conclusions to which no response is required. To the extent a response is required, the Department denies the allegations.

2. The Department states that Paragraph 2 sets forth legal conclusions to which no response is required. To the extent a response is required, the Department denies the allegations.

### PARTIES

3. The Department admits to the extent that Plaintiff Barbosa has been employed with the Department since 2019. The Department can neither admit nor deny the contents of any documents referenced in this paragraph as the documents speak for themselves.

4. The Department admits to the extent that Plaintiff Barry was employed with the Department from 2019 until 2021. The Department can neither admit nor deny the contents of any documents referenced in this paragraph as the documents speak for themselves.

5. The Department admits to the extent that Plaintiff Brabham was employed with the Department from 1999 until 2021. The Department can neither admit nor deny the contents of any documents referenced in this paragraph as the documents speak for themselves.

6. The Department admits to the extent that Plaintiff Cila was employed with the Department from 2012 until 2022. The Department can neither admit nor deny the contents of any documents referenced in this paragraph as the documents speak for themselves.

7. The Department admits to the extent that Plaintiff Coleman was employed with the Department from 1985 until 2021. The Department can neither admit nor deny the contents of any documents referenced in this paragraph as the documents speak for themselves.

8. The Department admits to the extent that Plaintiff Cooper was employed with the Department from 1999 until 2021. The Department can neither admit nor deny the contents of any documents referenced in this paragraph as the documents speak for themselves.

9. The Department admits to the extent that Plaintiff Dejong was employed with the Department from 2019 until 2022. The Department can neither admit nor deny the contents of any documents referenced in this paragraph as the documents speak for themselves.

10. The Department admits to the extent that Plaintiff Dolan has been employed with the Department since 1995. The Department can neither admit nor deny the contents of any documents referenced in this paragraph as the documents speak for themselves.

11. The Department admits to the extent that Plaintiff Goodchild was employed with the Department from 2020 until 2021. The Department can neither admit nor deny the contents of any documents referenced in this paragraph as the documents speak for themselves.

12. The Department admits to the extent that Plaintiff Gordan was employed with the Department from 2011 until 2021. The Department can neither admit nor deny the contents of any documents referenced in this paragraph as the documents speak for themselves.

13. The Department admits to the extent that Plaintiff D. Hanafin has been employed with the Department since 2016. The Department can neither admit nor deny the contents of any documents referenced in this paragraph as the documents speak for themselves.

14. The Department admits to the extent that Plaintiff J. Hanafin has been employed with the Department since 2019. The Department can neither admit nor deny the contents of any documents referenced in this paragraph as the documents speak for themselves.

15. The Department admits to the extent that Plaintiff Johnson was employed with the Department from 2000 until 2022. The Department can neither admit nor deny the

contents of any documents referenced in this paragraph as the documents speak for themselves.

16. The Department admits to the extent that Plaintiff Macdonald was employed with the Department from 2020 until 2022. The Department can neither admit nor deny the contents of any documents referenced in this paragraph as the documents speak for themselves.

17. The Department admits to the extent that Plaintiff Mace was employed with the Department from 2016 until 2022. The Department can neither admit nor deny the contents of any documents referenced in this paragraph as the documents speak for themselves.

18. The Department admits to the extent that Plaintiff Materazzo was employed with the Department from 1999 until 2022. The Department can neither admit nor deny the contents of any documents referenced in this paragraph as the documents speak for themselves.

19. The Department admits to the extent that Plaintiff McClure was employed with the Department from 2012 until 2022. The Department can neither admit nor deny the contents of any documents referenced in this paragraph as the documents speak for themselves.

20. The Department admits to the extent that Plaintiff McLaine was employed with the Department from 2005 until 2022. The Department can neither admit nor deny the contents of any documents referenced in this paragraph as the documents speak for themselves.

21. The Department admits to the extent that Plaintiff Parker was employed with the Department from 2018 until 2022. The Department can neither admit nor deny the contents of any documents referenced in this paragraph as the documents speak for themselves.

22. The Department admits to the extent that Plaintiff Paulding was employed with the Department from 2000 until 2022. The Department can neither admit nor deny the contents of any documents referenced in this paragraph as the documents speak for themselves.

23. The Department admits to the extent that Plaintiff Rossini was employed with the Department from 2006 until 2022. The Department can neither admit nor deny the contents of any documents referenced in this paragraph as the documents speak for themselves.

24. The Department admits to the extent that Plaintiff Sepulveda was employed with the Department from 2012 until 2022. The Department can neither admit nor deny the contents of any documents referenced in this paragraph as the documents speak for themselves.

25. The Department admits to the extent that Plaintiff Sniezek was employed with the Department from 2014 until 2021. The Department can neither admit nor deny the contents of any documents referenced in this paragraph as the documents speak for themselves.

26. The Department admits to the extent that Plaintiff Specht was employed with the Department from 1992 until 2021. The Department can neither admit nor deny the

contents of any documents referenced in this paragraph as the documents speak for themselves.

27. The Department admits to the extent that Plaintiff Staback was employed with the Department from 2019 until 2022. The Department can neither admit nor deny the contents of any documents referenced in this paragraph as the documents speak for themselves.

28. The Department admits to the extent that Plaintiff Swift was employed with the Department from 1997 until 2021. The Department can neither admit nor deny the contents of any documents referenced in this paragraph as the documents speak for themselves.

29. The Department admits to the extent that Plaintiff Turco was employed with the Department from 2005 until 2022. The Department can neither admit nor deny the contents of any documents referenced in this paragraph as the documents speak for themselves.

30. The Department admits to the extent that Plaintiff Ulrich was employed with the Department from 2005 until 2022. The Department can neither admit nor deny the contents of any documents referenced in this paragraph as the documents speak for themselves.

31. The Department admits to the extent that Plaintiff Valerio was employed with the Department from 2019 until 2021. The Department can neither admit nor deny the contents of any documents referenced in this paragraph as the documents speak for themselves.

32. The Department admits to the extent that Plaintiff Ware was employed with the Department from 2016 until 2022. The Department can neither admit nor deny the contents of any documents referenced in this paragraph as the documents speak for themselves.

33. The Department states that the allegations in Paragraph 33 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, the Department admits that it is a department of the Commonwealth of Massachusetts.

### PROCEDURAL REQUIREMENTS

34. The Department states that the allegations in Paragraph 34 of the Complaint contain legal conclusions to which no response is required.

35. The Department admits that each respective Plaintiff is and/or was an employee of the Department.

36. The Department states that the allegations in Paragraph 35 of the Complaint contain legal conclusions to which no response is required.

### STATEMENT OF FACTS

37. The Department admits that on or about August 19, 2021, Governor Charles D. Baker issued Executive Order 595, and states that Executive Order 595 speaks for itself.

38. The Department states that Executive Order 595 speaks for itself. Further answering, the Department states that any factual allegations or characterizations of Executive Order 595 is denied.

39. The Department admits the allegations set forth in Paragraph 39.

40. The Department states that MSP Superintendent Memo 21-SM-14 speaks for itself. Further answering, the Department states that any factual allegations or characterizations of 21-SM-14 is denied.

41. The Department admits to the extent that each Plaintiff submitted an application for an exemption to Executive Order 595. The Department denies the rest of the allegations in Paragraph 41.

42. The Department denies the allegations in Paragraph 42.

43. The Department denies the allegations in Paragraph 43.

44. The Department denies the allegations in Paragraph 44.

45. The Department denies the allegations in Paragraph 45.

46. The Department denies the allegations in Paragraph 46.

47. The Department denies the allegations in Paragraph 47.

48. The Department states that Paragraph 48 sets forth legal conclusions to which no response is required. To the extent a response is required, the Department denies the allegations.

49. The Department states that Paragraph 49 sets forth legal conclusions to which no response is required. To the extent a response is required, the Department denies the allegations.

50. The Department denies the allegations in Paragraph 50.

51. The Department denies the allegations in Paragraph 51.

52. The Department denies the allegations in Paragraph 52.

53. The Department denies the allegations in Paragraph 53.

54. The Department denies the allegations in Paragraph 54.

55. The Department denies the allegations in Paragraph 55.

56. The Department denies the allegations in Paragraph 56.

57. The Department denies the allegations in Paragraph 57.

58. The Department denies the allegations in Paragraph 58.

59. The Department denies the allegations in Paragraph 59.

60. The Department denies the allegations in Paragraph 60.

**COUNT I – RELIGIOUS DISCRIMINATION**
**VIOLATION OF TITLE VII**

61. The Department repeats and incorporates its response to Paragraphs 1 through 60 as if set forth fully herein.

62. The Department states that Paragraph 62 sets forth legal conclusions to which no response is required. To the extent a response is required, the Department denies the allegations.

63. The Department states that Paragraph 63 sets forth legal conclusions to which no response is required. To the extent a response is required, the Department denies the allegations.

64. The Department states that Paragraph 64 sets forth legal conclusions to which no response is required. To the extent a response is required, the Department denies the allegations.

65. The Department states that Paragraph 65 sets forth legal conclusions to which no response is required. To the extent a response is required, the Department denies the allegations.

66. The Department states that Paragraph 66 sets forth legal conclusions to which no response is required. To the extent a response is required, the Department denies the allegations.

67. The Department states that Paragraph 67 sets forth legal conclusions to which no response is required. To the extent a response is required, the Department denies the allegations.

68. The Department states that Paragraph 68 sets forth legal conclusions to which no response is required. To the extent a response is required, the Department denies the allegations.

69. The Department states that Paragraph 69 sets forth legal conclusions to which no response is required. To the extent a response is required, the Department denies the allegations.

70. The Department states that Paragraph 70 sets forth legal conclusions to which no response is required. To the extent a response is required, the Department denies the allegations.

71. The Department denies the allegations in Paragraph 71.

72. The Department denies the allegations in Paragraph 72.

73. The Department denies the allegations in Paragraph 73.

74. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and accordingly the allegations are denied.

75. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and accordingly the allegations are denied.

**COUNT II – SUBSTANTIVE DUE PROCESS**

76. The Department repeats and incorporates its responses to Paragraphs 1 through 68 as if set forth fully herein.

77. The Department admits to the extent that respective employees are subject to a CBA. As for the remainder of the paragraph calls for a legal conclusion, the Department can neither admit nor deny the allegations.

78. The Department states that Paragraph 78 sets forth legal conclusions to which no response is required. To the extent a response is required, the Department denies the allegations.

79. The Department states that Paragraph 79 sets forth legal conclusions to which no response is required. To the extent a response is required, the Department denies the allegations.

80. The Department states that Paragraph 80 sets forth legal conclusions to which no response is required. To the extent a response is required, the Department denies the allegations.

81. The Department states that Paragraph 81 sets forth legal conclusions to which no response is required. To the extent a response is required, the Department denies the allegations.

82. The Department states that Paragraph 82 sets forth legal conclusions to which no response is required. To the extent a response is required, the Department denies the allegations.

83. The Department states that Paragraph 83 sets forth legal conclusions to which no response is required. To the extent a response is required, the Department denies the allegations.

84. The Department states that Paragraph 84 sets forth legal conclusions to which no response is required. To the extent a response is required, the Department denies the allegations.

85. The Department states that Paragraph 85 sets forth legal conclusions to which no response is required. To the extent a response is required, the Department denies the allegations.

86. The Department states that Paragraph 86 sets forth legal conclusions to which no response is required. To the extent a response is required, the Department denies the allegations.

87. The Department states that Paragraph 87 sets forth legal conclusions to which no response is required. To the extent a response is required, the Department denies the allegations.

88. The Department states that Paragraph 88 sets forth legal conclusions to which no response is required. To the extent a response is required, the Department denies the allegations.

89. The Department states that Paragraph 89 sets forth legal conclusions to which no response is required. To the extent a response is required, the Department denies the allegations.

90. The Department states that Paragraph 90 sets forth legal conclusions to which no response is required. To the extent a response is required, the Department denies the allegations.

91. The Department states that Paragraph 91 sets forth legal conclusions to which no response is required. To the extent a response is required, the Department denies the allegations.

92. The Department states that Paragraph 92 sets forth legal conclusions to which no response is required. To the extent a response is required, the Department denies the allegations.

93. The Department states that Paragraph 93 sets forth legal conclusions to which no response is required. To the extent a response is required, the Department denies the allegations.

94. The Department states that Paragraph 95 sets forth legal conclusions to which no response is required. To the extent a response is required, the Department denies the allegations.

95. The Department states that Paragraph 65 sets forth legal conclusions to which no response is required. To the extent a response is required, the Department denies the allegations.

96. The Department states that Paragraph 96 sets forth legal conclusions to which no response is required. To the extent a response is required, the Department denies the allegations.

97. The Department states that Paragraph 97 sets forth legal conclusions to which no response is required. To the extent a response is required, the Department denies the allegations.

98. The Department states that Paragraph 98 sets forth legal conclusions to which no response is required. To the extent a response is required, the Department denies the allegations.

99. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 and accordingly the allegations are denied. As for the remainder of the paragraph calls for a legal conclusion, the Department can neither admit nor deny the allegations.

## COUNT III – PROCEDURAL DUE PROCESS

100. The Department repeats and incorporates its response to Paragraphs 1 through 99 as if set forth fully herein.

101. The Department states that Paragraph 101 sets forth legal conclusions to which no response is required. To the extent a response is required, the Department denies the allegations.

102. The Department states that Paragraph 102 sets forth legal conclusions to which no response is required. To the extent a response is required, the Department denies the allegations.

103. The Department states that Paragraph 103 sets forth legal conclusions to which no response is required. To the extent a response is required, the Department denies the allegations.

104. The Department states that Paragraph 104 sets forth legal conclusions to which no response is required. To the extent a response is required, the Department denies the allegations.

105. The Department states that Paragraph 105 sets forth legal conclusions to which no response is required. To the extent a response is required, the Department denies the allegations.

106. The Department states that Paragraph 106 sets forth legal conclusions to which no response is required. To the extent a response is required, the Department denies the allegations.

107. The Department denies the allegations set forth in Paragraph 107.

108. The Department denies the allegations set forth in Paragraph 108.

109. The Department denies the allegations set forth in Paragraph 109.

110. The Department denies the allegations set forth in Paragraph 110.

111. The Department states that Paragraph 111 sets forth legal conclusions to which no response is required. To the extent a response is required, the Department denies the allegations.

112. The Department states that Paragraph 112 sets forth legal conclusions to which no response is required. To the extent a response is required, the Department denies the allegations.

113. The Department denies the allegations set forth in Paragraph 113.

114. The Department states that Paragraph 114 sets forth legal conclusions to which no response is required. To the extent a response is required, the Department denies the allegations.

115. The Department denies the allegations set forth in Paragraph 115.

116. The Department denies the allegations set forth in Paragraph 116.

117. The Department denies the allegations set forth in Paragraph 117.

118. The Department states that Paragraph 115 sets forth legal conclusions to which no response is required. To the extent a response is required, the Department denies the allegations.

119. The Department denies the allegations set forth in Paragraph 119.

120. The Department denies the allegations set forth in Paragraph 120.

121. The Department denies the allegations set forth in Paragraph 121.

122. The Department denies the allegations set forth in Paragraph 122.

123. The Department denies the allegations set forth in Paragraph 123.

124. The Department states that Paragraph 124 sets forth legal conclusions to which no response is required. To the extent a response is required, the Department denies the allegations.

125. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125 and accordingly the allegations are denied.

126. – 143. The Plaintiffs have voluntarily dismissed the allegations contained in Count IV (paragraphs 126-43) of the Amended Complaint and therefore no answers are required. To the extent that answers are required, the allegations contained in each paragraph (126-143) are hereby denied.

## JURY DEMAND

The Department demands a jury trial on all claims so triable.

## AFFIRMATIVE AND OTHER DEFENSES

The Department hereby asserts the following affirmative and other defenses, but in so doing, does not undertake the burden of proof as to any element of any claim or defense not otherwise required by law.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint and each cause of action therein, fails to state a claim upon which relief may be granted and should be dismissed pursuant to Mass. R. Civ. P 12(b)(6).

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the Department's actions were at all times proper, lawful, reasonable, and in conformity with all applicable federal and state statutory, regulatory, and decisional law.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiff has failed to exhaust administrative remedies and/or failed to fulfill the procedural and/or administrative and/or jurisdictional prerequisites for maintaining this action.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the Department had legitimate, non-discriminatory and non-pretextual reasons for the personnel actions it took regarding Plaintiff and because there was no causal connection between adverse employees action(s) (if any) taken by the Department.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the 11th Amendment to the United States Constitution and under the principles of sovereign immunity.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the Department acted legally, properly, reasonably and in good faith, at all times, based upon all relevant facts and circumstances known by the Department at the time it acted.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the Plaintiff suffered no damages.

### NINTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs' suffered damages, any damages suffered by Plaintiffs' were cause in whole or in part by a person or persons for whose conduct Department is not legally responsible.

### TENTH AFFIRMATIVE DEFENSE

Although the Department expressly denies any liability to Plaintiffs', Plaintiffs' have failed to mitigate damages, if any.

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs' claim punitive damages, Plaintiffs' are not entitled to same because the Department did not engage in any acts or omissions which would rise to the level required to sustain an award of punitive damages. The Department is not liable to Plaintiffs' for liquidated or punitive damages, including but not limited to, because of the Department's good faith efforts to comply with all equal employment opportunity laws, and other laws identified in the Complaint; the Department is also not liable for such damages because it did not act in bad faith and/or did not commit any knowing, wanton, intentional, or malicious act, or authorize or ratify such an act.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because accommodating Plaintiffs' would cause the Department undue hardship as defined in Title VII.

### THIRTEENTH AFFIRMATIVE DEFENSE

Interest and costs are not recoverable against the Department as an agency of the Commonwealth of Massachusetts.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Department reserves the right to amend this answer, including without limitation, to add such affirmative defenses as warranted by additional investigation and discovery in this case.

Respectfully Submitted,

The Massachusetts Department
of State Police,

By its attorneys,

/s/Daniel Brunelli
SAAG Jennifer Staples, BBO #631399
Daniel Brunelli, BBO#684899
Office of the Chief Legal Counsel
Massachusetts State Police
470 Worcester Road
Framingham, MA 01702
(508) 820-2341
Daniel.Brunelli@pol.state.ma.us

## CERTIFICATE OF SERVICE

    I, Daniel Brunelli, hereby certify that on November 15, 2023, I served a copy of the foregoing **Defendant's Answer to Amended Complaint** upon all parties by electronically filing to all ECF registered parties.

                                                /s/ Daniel Brunelli
                                                Staff Counsel
                                                Department of State Police