UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JESSIE BARBOSA et al., Plaintiffs, v. MASSACHUSETTS DEPARTMENT OF STATE POLICE, Defendant. | Civil No. 22-12013-LTS |

MEMORANDUM AND ORDER ON UNIFORMED TROOPER PLAINTIFFS' MOTION FOR ENTRY OF SEPARATE, FINAL JUDGMENT OR CERTIFICATION (DOC. NO. 142)

November 10, 2026

SOROKIN, J.

On March 19, 2026, the Court issued an Order resolving the parties' cross-motions for summary judgment, allowing the defendant's motion as to all claims by the Uniformed Trooper Plaintiffs and two claims by the Civilian Employee Plaintiffs.[1] Doc. No. 101.[2] One Title VII claim by the Civilian Employee Plaintiffs survived. A month later, the Court denied a motion to reconsider the plaintiffs filed challenging the summary-judgment ruling. Doc. No. 110. Soon after that, the Court referred the remaining claim for mediation by a Magistrate Judge. Doc. No. 112. A mediation hearing is scheduled to occur on December 3, 2026. Doc. No. 124.

[1] There are at least twenty-six Uniformed Trooper Plaintiffs and three Civilian Employee Plaintiffs. See Doc. No. 101 at 7 n.7. The motion now pending raises questions concerning the status of one additional plaintiff, also a Trooper, who was named in the Amended Complaint but for reasons that are not clear was omitted from the parties' summary-judgment submissions. See Doc. No. 143 at 1 n.1.

[2] Citations to "Doc. No. __ at __" reference items filed on the Court's electronic docket ("ECF") using the document and page numbers that appears in the ECF headers.

Though no final judgment had entered, the Uniformed Trooper Plaintiffs filed a notice of appeal on October 14, 2026, targeting the Court's summary-judgment decision and its denial of reconsideration. Doc. No. 137. The next day, the Uniformed Trooper Plaintiffs moved this Court for an order "deeming timely" their notice of appeal, Doc. No. 140, which the Court promptly denied, Doc. No. 144. Concurrently, the Uniformed Trooper Plaintiffs filed a motion seeking entry of separate and final judgment against them, Doc. No. 142, "so that they may take their appeal now," Doc. No. 143 at 1. That motion, now ripe, Doc. Nos. 146, 147, is the subject of this Memorandum and Order.

Pursuant to the Rule the Uniformed Trooper Plaintiffs invoke:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). The Rule creates a narrow exception to a "long-settled and prudential policy against the scattershot disposition of litigation." Spiegel v. Trs. of Tufts Coll., 843 F.2d 38, 42 (1st Cir. 1988). Whether a case warrants invoking the exception is a matter of discretion that "entails an assessment of the litigation as a whole, and a weighing of all factors relevant to the desirability of relaxing the usual prohibition against piecemeal appellate review." Id. at 43. "This process, tilted from the start against fragmentation of appeals, is necessarily case-specific." Id.

Rule 54(b) judgments "must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." Id. at 42 (quoting Morrison–Knudsen Co. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981) (Kennedy, J.)). Relevant factors include "the interrelationship of the claims," id. at 43

(citation modified), with "similarity of either legal or factual issues (or both) militat[ing] strongly against invocation of Rule 54(b)," id. at 45.

Though the summary-judgment ruling disposed of all claims by the Uniformed Trooper Plaintiffs, as the parties note, the Court finds that the circumstances here do not justify sending the resolved claims "upstairs immediately" without awaiting disposition of the remainder of the action. Id. at 43. This is so for several reasons.

First, the case now before the Court is the result of a request by all plaintiffs to consolidate two separate actions into one for all purposes. Doc. Nos. 15, 16. From the start, the Civilian Employee Plaintiffs brought their claims along with two dozen Uniformed Trooper Plaintiffs; the separate action consolidated with that one featured only three plaintiffs, each a Uniformed Trooper. See Doc. No. 143 at 2–3. In other words, most of the Uniformed Trooper Plaintiffs chose to initiate this action alongside the Civilian Employee Plaintiffs, and all of them requested and consented to the merger of their claims with those of the Civilian Employee Plaintiffs.[3]

Second, the Court's summary-judgment ruling disposed of two of the three claims in this action on legal grounds that apply equally to all of the plaintiffs—not just the Uniformed Troopers. Doc. No. 101 at 33–34 (entering judgment against plaintiffs on two Due Process

[3] To the extent there remains one trooper as to whom the Court's summary-judgment ruling did not apply, this further undermines the application of Rule 54(b). Though one attorney of record denies representing the relevant trooper, Doc. No. 143 at 1 n.1, all other attorneys appearing for the plaintiffs in this case—including the second attorney who signed the motion now before this Court—have appearances entered for all plaintiffs, including the outlier trooper, see Doc. No. 143 at 17 (including signature of Attorney Gens on pending motion); Doc. No. 17 at 1 & n.1, 11, 31 (including signature of Attorney Gens on Amended Consolidated Complaint brought on behalf of all plaintiffs, including Sepulveda). As far as the Court is aware, those attorneys have at no time withdrawn their appearances on behalf of that individual or otherwise alerted the Court to any change in his relationship to the other plaintiffs.

claims). And all of the plaintiffs moved to reconsider in the wake of the summary-judgment ruling (including as to the Due Process claims). See Doc. No. 110. The Uniformed Trooper Plaintiffs target the Court's denial of that motion as well in their (premature) notice of appeal. See Doc. No. 137. In seeking entry of separate final judgment, the Uniformed Trooper Plaintiffs do not distinguish among the three claims. That is, they do not acknowledge that the judgment they seek would permit them to appeal now—including as to the Court's resolution of the Due Process claims—while leaving for later any appeal by the Civilian Employee Plaintiffs of those very same claims.

Third, the chronology of this case eviscerates the Uniformed Trooper Plaintiffs' suggestion that they should not be made to wait "a year or more" for final judgment because "immediate review" is warranted by the equities.[4] Doc. No. 143 at 2, 11. The summary-judgment decision issued in March 2026, and the Court denied reconsideration in April. Doc. Nos. 101, 110. In May, the parties filed a status report in which the plaintiffs indicated the Civilian Employees' willingness to pursue mediation and all plaintiffs' request that no trial date be set for at least 120 days. Doc. No. 111 at 2. The Uniformed Troopers did not then express any objection to proceeding in that fashion or otherwise suggest that they might seek to separate their (resolved) claims from those remaining. Instead, they waited six months before filing the Rule 54(b) motion now pending. Now, the scheduled mediation will occur in a matter of weeks. If the remaining claim does not settle, the Court anticipates setting a prompt trial date. The Uniformed Trooper Plaintiffs provide no support for their suggestion that trial "is unlikely to occur before the second half of 2027," or their speculation that "post-trial motions after that" will

[4] Five years have elapsed since the events at issue in this lawsuit. See Doc. No. 143 at 11.

delay an appeal in this matter until "2028 at the earliest," Doc. No. 143 at 11, and the Court views the timeline they hypothesize as unlikely at best.

Finally, though they endeavor to separate the facts and law underlying their own claims from those at issue in the remaining claim of the Civilian Employees, the Uniformed Trooper Plaintiffs acknowledge that the two groups' Title VII claims involve a "common" legal standard, and they even suggest that an appeal now "would materially advance the termination of the litigation by resolving the standard that governs both the adjudicated claims and the claims to be tried." Id. at 11, 16. These concessions themselves "militate[] strongly against invocation of Rule 54(b)." Spiegel, 843 F.2d at 45. And for similar reasons, the Court declines to certify all or any part of its summary-judgment ruling for interlocutory review under 28 U.S.C. § 1292(b).

Accordingly, Uniformed Trooper Plaintiffs' motion for separate and final judgment or certification, Doc. No. 142, is DENIED.

SO ORDERED.

/s/ Leo T. Sorokin
United States District Judge