**IN THE UNITED STATES COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JESSIE BARBOSA, TIMOTHY BARRY, JR., CRAIG BRABHAM, SAMANTHA CILA, JANET COLEMAN, BRIAN COOPER, NATHAN DEJONG, CHRISTOPHER DOLAN, TIMOTHY GOODCHILD, VICTORIA GORDON, DAVID HANAFIN, JOSEPH HANAFIN, ROBERT JOHNSON, MICHAEL MACDONALD, THOMAS MACE, STEPHEN MATERAZZO, JONATHAN MCCLURE, PHILLIP MCLAINE, SETH PARKER, LEO PAULDING, JOHN ROSSINI, , JOSEPH SNIEZEK, DARREN SPECHT, TYLER STABACK, JONATHAN SWIFT, GREGORY TURCO, JOSHUA ULRICH, JUAN VALERIO, RYAN WARE,<br><br>*Plaintiffs*,<br><br>v.<br><br>MASSACHUSETTS DEPARTMENT OF STATE POLICE,<br><br>*Defendant.* | Civil Action No.: 1:22-cv-01213-LTS<br><br>**DECLARATION OF NICOLE C. PEARSON IN RESPONSE TO ORDER TO SHOW CAUSE** |

I, Nicole C. Pearson, declare as follows:

1. I am an attorney admitted *pro hac vice* in this action.[1] I submit this Declaration in response to the Court's November 19, 2026 Order to Show Cause (ECF 152).

2. On September 10, 2024 local counsel filed a motion for my admission *pro hac vice* as to “all Plaintiffs” (ECF 58), which the Court granted on October 2, 2024. (ECF 59.)

[1] I am filing a Motion for Leave to Withdraw concurrently herewith.

3. On October 10, 2024, I filed my Notice of Appearance, expressly identifying the individuals on whose behalf I appeared. Plaintiff Jayson Sepulveda ("Mr. Sepulveda") is not listed as one of these individuals. (ECF 60, p. 1, fn.1).

4. Mr. Sepulveda was not among the clients identified to me when I received this case from former counsel. I have never spoken with, met, or been retained by Mr. Sepulveda.

5. I have never filed any papers on behalf of Mr. Sepulveda, including any status report or summary judgment filings. The captions of the papers I filed either expressly identified the Plaintiffs I represented—and did not include Mr. Sepulveda—or used the abbreviated case caption.

6. Based on my review of the filings in this action and the CM/ECF filing process, I believe Mr. Sepulveda's name appears in certain docket entries (e.g., ECF 78, 79) as a result of selecting "Plaintiffs" during the electronic filing process. Notably, those same docket entries also identify Magistrate Judge Paul G. Levenson as a filing party. These party designations do not accurately reflect the individuals on whose behalf I submitted the filings.

7. I did not respond to the Court's November 10, 2026 Order to Show Cause (ECF 149) on behalf of Mr. Sepulveda because I did not represent him and had no knowledge of him.

8. I first learned of Mr. Sepulveda on November 17, 2026, when Attorney Patrick Daubert and a member of Attorney William Gens's office contacted me regarding the Court's November 10 Order to Show Cause.

9. I have no personal knowledge of when or why Mr. Sepulveda's claims came to be treated differently from those of the other Plaintiffs. Any information I have concerning those circumstances is secondhand.

10. Although the docket identifies me as counsel of record for Mr. Sepulveda, I did not notice that designation. I have never represented him and, thus, never understood myself to be responsible for making any filings on his behalf, notifying the Court concerning the status of his claims, or seeking leave to withdraw as his counsel.

11. Separately, following Attorney Daubert's entry of appearance, I inadvertently failed to formally withdraw my appearance in this action. I apologize to the Court for that oversight and am concurrently filing a motion seeking leave to withdraw all appearances entered by or attributed to me in this action.

12. Attached hereto as **Exhibit "A"** is a true and correct copy of the Declaration of Chad LeVaglia submitted in response to the Court's Order to Show Cause. Mr. LeVaglia is unable to file in this case.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on November 25, 2026.

*/s/ Nicole C. Pearson*
Nicole C. Pearson (CA Bar No. 265350)
Admitted *pro hac vice*
FACTS LAW TRUTH JUSTICE, A.P.C.
5319 University Drive, # 503
Irvine, Calif. 92612
nicole@fltjllp.com

# EXHIBIT A

DECLARATION OF CHAD J. LAVEGLIA

I, Chad J. LaVeglia, hereby state and declare the following:

1. I am an attorney who—according to the docket—was allowed to appear in this matter pro hac vice. I do not represent any parties in this matter. I have personal knowledge of the facts set forth herein and could competently testify if called to.
2. I submit the following in response to the Courts Order to Show Cause dated November 19, 2026 (Doc. No 152). This Declaration is provided for the limited and exclusive purpose of complying with the Court's Order.
3. I only know of the Court's Order because an employee from Gens & Stanton emailed it to me yesterday.
4. I was a partner in the law firm Yoder & LaVeglia from approximately September 2023 through April 2024. Michal A. Yoder was a partner as well.
5. Michael Yoder operated the Law Office of Michael A. Yoder in Virginia prior to the partnership.
6. The plaintiffs in this case engaged the Law Office of Michael Yoder to represent them prior to our partnership. I was not involved.
7. Michael Yoder was exclusively responsible for this case during the partnership.
8. Mr. Yoder discussed this case with me a few times between November 2022 and April 2024. Our conversations revolved around his legal strategy. My role never went beyond that.

9. I dissolved the partnership approximately in April 2024.

10. Around May 2024, Michael Yoder began the law firm Yoder, Dreher & Pearson. The other two partners in that firm were Rachel Dreher and Nicole Pearson.

11. Michael Yoder continued to exclusively be responsible for this case after the partnership dissolved.

12. Mr. Yoder continued to represent Plaintiffs in his capacity as a partner of Yoder, Dreher & Pearson.

13. Nicole Pearson appeared in this case sometime after the partnership dissolved.

14. The Virginia State Bar Disciplinary Board revoked Michael Yoder's license to practice law in the Commonwealth of Virginia effective May 19, 2025.

15. I do not recall applying for admission pro hac vice in this matter.

16. I do not recall giving Mr. Yoder permission to apply on my behalf.

17. I did not enter a notice of appearance in this case.

18. Nevertheless, my involvement never went beyond discussing legal strategy.

19. I do not know who Jayson Sepulveda is.

20. I failed to respond to the Court's prior Orders because I was not representing any party in this matter. Michael Yoder was exclusively responsible. In addition, I did not receive any notifications from this case.

21. I lack the knowledge to answer the Court's inquiry regarding prior status reports and post-summary judgment filings.

22. I lack the knowledge to respond to the Court's inquiry regarding the reason Sepulveda's claims split from the other plaintiffs.

23. I did not withdraw my appearance because there was no appearance to withdraw and I was not aware—until yesterday—that I was even associated with this case.

I declare under penalty of perjury, pursuant to 28 U.S.C. 1746, that the foregoing is true and correct. Executed this 25th day of November, 2026.

/s/ *Chad J. La Veglia*

Chad J. LaVeglia

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent to those indicated as non-registered participants on November 25, 2026.

*/s/ Nicole C. Pearson*
Nicole C. Pearson